FILED
MAR 13 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN BARRON,

                Plaintiff,

v.

ARCHDIOCESE OF PORTLAND
IN OREGON, ROMAN CATHOLIC
ARCHBISHOP OF PORTLAND IN
OREGON, and JOSEPH BACCELLIERI,

                Defendants.

CV 08-250-PK

OPINION AND
ORDER

PAPAK, Magistrate Judge:

      Plaintiff John Barron filed this action against defendants Archdiocese of Portland in Oregon (the "Archdiocese"), Roman Catholic Archbishop of Portland in Oregon (the "Archbishop" and, collectively with the Archdiocese, the "Archdiocesal Defendants"), and Father

Page 1 - OPINION AND ORDER

Joseph Baccellieri on February 28, 2008. Barron alleges defendants' liability for sexual battery of a child and intentional infliction of emotional distress. This court has jurisdiction over Barron's action pursuant to 28 U.S.C. § 1334(b), based on the relatedness of these proceedings to a case arising under Title 11 of the United States Code.[1]

Now before the court is defendants' motion (#21) for a protective order to shield from discovery the identities of previous claimants who have alleged that they, like Barron, were sexually abused by Baccellieri as minors. For the reasons set forth below, defendants' motion is granted.

## LEGAL STANDARDS

"A party . . . from whom discovery is sought may move for a protective order in the court where the action is pending. . . ." Fed. R. Civ. P. 26(c)(1). Rule 26(c) provides that a court may for "good cause" issue such a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

\* \* \* [or]

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. . . .

*Id.* To obtain such a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance by demonstrating harm or prejudice that will result from the

---

[1] Specifically, this action is subject to the future claims fund under the Third Amended and Restated Joint Plan of Reorganization confirmed in *In re Roman Catholic Archbishop of Portland*, 04-37154, which, in relevant part, sets a $20 million cap on the total funds available to pay all claims made against the Archdiocese through 2023.

Page 2 - OPINION AND ORDER

discovery. Fed. R. Civ. P. 26(c)(1); *see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002).

## MATERIAL FACTS

Plaintiff John Barron was born in 1956. As a minor child, he attended St. Stephens Church and School and Central Catholic High School in Portland, OR. While Barron was a parishioner and student at these institutions, defendant Joseph Baccellieri was employed by the Archdiocesal defendants as a priest and as an instructor at Central Catholic. Barron alleges that, beginning in approximately 1973, Baccellieri took affirmative steps to gain his trust and his family's trust, and to induce his family to encourage him to respect and obey Baccellieri's authority. Barron further alleges that, in consequence of and/or in connection with these actions, Baccellieri induced and directed him to submit to sexual abuse.

During the 1990s, at least three of Baccellieri's former parishioners privately approached the Archdiocese with accusations that they, like Barron, had been sexually abused by Baccellieri as minors in the early 1970s. Lawsuits were not filed in connection with these accusations, and instead private settlement agreements were negotiated. This court has reviewed *in camera* a representative example of the three settlement agreements, which contain provisions specifying that "the privacy" of the claimants "is an important element of [the parties'] dispute and should be preserved," and that "[t]he parties desire that [their settlement] agreement and all of the terms thereof [shall] remain confidential" among other confidentiality provisions.

After the Archdiocese filed for the protections of Chapter 11 of the Bankruptcy Code on July 6, 2004, additional claimants came forward with accusations of sexual abuse at Baccellieri's

Page 3 - OPINION AND ORDER

hands. These claimants filed actions against the Archdiocesal defendants under fictitious names or initials, rather than under their full names, and took other steps to assure that their names would not be publicly disclosed.

In this action, Baccellieri submitted to deposition by Barron. During the course of his deposition, Barron's counsel requested the names of all persons who had complained of sexual abuse at his hands. Baccellieri's counsel instructed him not to respond to this question, and he did not do so. It appears, however, that Baccellieri admits to having committed the acts of abuse in question, and that other than his refusal to supply names he has not refused to answer questions regarding the abuse and attending circumstances. Defendants now seek an order prohibiting inquiry as to the identities of persons alleging sexual abuse by Baccellieri.

## ANALYSIS

The court will not issue a protective order absent good cause. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-1211, *citing Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); *see also San Jose Mercury News*, 187 F.3d at 1102 (to obtain a protective order a party must make a "particularized showing of good cause with respect to any individual document"). If the party seeking protection establishes that the requisite particularized harm will occur absent a protective order, the courts must then balance the public interest in access to the information against the party's private interest in shielding it from public scrutiny to determine whether a protective order is appropriate. *See Phillips*, 307 F.3d at 1211, *citing Glenmede Trust Co. v.*

*Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

On the record now before the court, it appears that good cause exists for issuing the requested order. The 1990s claimants and the plaintiffs in the lawsuits of the 2000s all took affirmative steps to ensure that their reasonable expectations of anonymity would be respected. It would violate those expectations – and possibly expose the Archdiocese to liability, in the case of the three 1990s claimants – if Baccellieri were to disclose their identities. Moreover, future claimants might be deterred from coming forward with new claims if it became known that their names might be revealed in subsequent, unrelated proceedings.

Barron offers no evidence or argument to suggest that the public interest in disclosure of the names could outweigh the victims' interest in shielding their identities from exposure. The public has a strong, clear interest in exposing Baccellieri's history of child sexual abuse to judicial scrutiny, ancillary to its clear interest in identifying and eradicating child abuse within so-called institutions of trust and elsewhere. Indeed, the public's interest clearly extends to information regarding any patterns, practices, or methods Baccellieri may have engaged in or relied upon in committing acts of sexual misconduct. However, the public has no such interest in learning the identities of Baccellieri's victims (nor does such information appear necessary for the prosecution of Barron's case against the defendants, assuming that the defendants are forthcoming with all material details regarding previous claims concerning Baccellieri's misconduct other than victims' names or the provisions of the 1990s settlement agreements).

Because the record before the court contains evidence suggesting that good cause exists for shielding the identities of the 1990s claimants and the anonymous plaintiffs from disclosure, and because the record does not contain evidence suggesting that the public interest in access to

Page 5 - OPINION AND ORDER

the victims' identities could outweigh the victims' interest in preserving their anonymity, the defendants' motion for a protective order is granted. Defendants will not be required to disclose the identities of the three claimants alleging abuse at Baccellieri's hands who signed confidential settlement agreements with the Archdiocese during the 1990s, nor will they be required to disclose the identity of any plaintiff alleging abuse at Baccellieri's hands who proceeded anonymously in a lawsuit against the Archdiocese. No other information shall be within the scope of this court's protective order. The court's decision on defendants' motion shall not prevent Barron from moving to dissolve the protective order or otherwise to compel disclosure of some or all of the victims' identities at some future stage of these proceedings in the event new evidence calls this court's findings as recited above into question.[2]

## CONCLUSION

For the reasons set forth above, defendants' motion (#21) for protective order is granted, as described above.

Dated this 13th day of March, 2009.

Honorable Paul Papak
United States Magistrate Judge

---

[2] Similarly, the court's decision will have no impact on Barron's ability to conduct independent investigation to determine the identities of Baccellieri's abuse victims, by means other than through discovery from the defendants. Barron's counsel indicated at oral argument that independent investigation may already have revealed the names of some of the claimants. Barron is not prevented by this court's order from continuing such independent investigation or from contacting those claimants whose identities he is able to ascertain.